United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMIN ZEHRA,                          §
                                     §
            Petitioner,              §
                                     §
v.                                   §        CIVIL ACTION NO. H-25-5625
                                     §
KRISTI NOEM, et al.,                 §
                                     §
            Respondents.             §

## MEMORANDUM OPINION AND ORDER

On September 24, 1999, Amin Zehra ("Petitioner"), a citizen of Pakistan, attempted to enter the United States as a B2 visitor using a fraudulent passport.[1]  Immigration authorities processed Petitioner for expedited removal and she was removed on September 27, 1999.[2]  On November 17, 2002, Petitioner entered the United States without inspection through San Francisco, California.[3] On June 5, 2003, Petitioner filed an application to register for permanent residence, which was denied on March 10, 2009.[4]  On December 7, 2005, Petitioner came to the attention of the Office of Enforcement and Removal Operations ("ERO") because she admitted to entering the United States

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 26; Sworn Declaration of Deportation Officer David Wright ("Sworn Declaration"), Exhibit 1 to Response to Petitioner's Motion to Expedite Ruling ("Respondents' Response"), Docket Entry No. 19-1, p. 3 ¶ 6.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Sworn Declaration, Exhibit 1 to Respondents' Response, Docket Entry No. 19-1, p. 3 ¶ 6.

[3]Id. ¶ 7.

[4]Id. at 3–4 ¶¶ 7, 11.

on November 17, 2002, using fraudulent documentation.[5]  Because Petitioner claimed fear, ERO

placed her in immigration proceedings instead of re-instating the prior removal order.[6]  On July 25,

2006, the immigration court granted Petitioner withholding of removal.[7]  On August 8, 2006,

Immigration Customs and Enforcement ("ICE") released Petitioner on an Order of Supervision

("OSUP").[8]

On September 12, 2022, ICE ERO enrolled Petitioner into the Criminal Alien Removal Team

for further case management and future check-in.[9]  On November 21, 2025, Petitioner was taken into

ICE ERO custody at the Montgomery Processing Center.[10]  On May 6, 2026, ICE ERO served

Petitioner and her attorney with a Notice to Alien of Interview for Review of Custody.[11]  On May

8, 2026, Petitioner refused to participate in the interview for Review of Custody.[12]  On May 11,

2026, Petitioner again declined the interview for Review of Custody and at that time was a Failure

to Comply.[13]  On May 15, 2026, ICE ERO interviewed Petitioner with counsel for the 180-day Post

Order Custody Review.[14]  In the interview, Petitioner declined to provide a third country of removal

---

[5]Id. at 3 ¶ 8.

[6]Id.

[7]Id. ¶ 9.

[8]Id. at 3–4 ¶ 10.

[9]Id. at 4 ¶ 12.

[10]Id. ¶ 13.

[11]Id. at 6 ¶ 28.

[12]Id. ¶ 29.

[13]Id. ¶ 30.

[14]Id. ¶ 31.

and did not provide evidence of compliance with the previous removal order.[15]  On July 23, 2026,

Petitioner refused to sign the I-229, Warning for Failure to Depart, and refused to make a timely,

good faith application for travel documents necessary to depart the United States.[16]  That same day

Petitioner stated that she would not complete an application for travel documents.[17]  ICE has

attempted to effectuate Petitioner's removal to Iran, Afghanistan, Nepal, Tajikistan, India, Germany,

Mexico, Tanzania, and Venezuela, but has not been successful.[18]  Respondents are continuing to seek

guidance from HQ RIO for potential third country removal options for Petitioner despite her lack

of cooperation.[19]  Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).[20]  Petitioner

argues that her prolonged detention violates due process under Zadvydas v. Davis, 121 S. Ct. 2491

(2001).[21]  Petitioner also argues that her arrest was unlawful under federal regulations.[22]  Also

pending before the court is The Federal Respondents' Motion for Summary Judgment (Docket Entry

---

[15]Id.

[16]Id. ¶ 32.

[17]Id.

[18]Respondents' Response, Docket Entry No. 19, p. 1.

[19]Sworn Declaration, Exhibit 1 to Respondents' Response, Docket Entry No. 19-1, p. 6 ¶ 34.

[20]Petitioner has also filed Petitioner's Motion to Expedite Ruling (Docket Entry No. 17). Respondents filed a Response on July 28, 2026, Docket Entry No. 19.  Petitioner replied on July 30, 2026 (Petitioner's Response to Respondents' Response ["Petitioner's Reply"], Docket Entry No. 20).

[21]Habeas Petition, Docket Entry No. 1, pp. 6, 8–9 ¶¶ 36–37, 48–57.

[22]Id. at 6–8 ¶¶ 38–47.

No. 14).  Respondents argue that Petitioner's detention does not meet the standard set forth in Zadvydas.[23]  Petitioner has filed a reply.[24]

Petitioner is subject to a final order of removal and has been detained  for over six months. The Supreme Court, in Zadvydas, "found that [8 U.S.C.] § 1231(a)(6) authorized continued detention for only as long as removal was 'reasonably foreseeable.'"  Ali v. Department of Homeland Security, 451 F.Supp.3d 703, 707 (S.D. Tex. 2020).  "The Zadvydas Court held that post-removal-period detention that extended beyond six months would be considered presumptively unconstitutional."  Id.  "Beyond this period, when a noncitizen presents good reason to believe that there is 'no significant likelihood of removal in the reasonably foreseeable future,' the Government must provide evidence sufficient to rebut that showing in order to continue detaining that noncitizen."  Id. (quoting Zadvydas, 121 S. Ct. at 2505).  However, "[t]he removal period may be extended if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal."  Chande v. Kelly, Civil Action No. 4:17-CV-2025, 2018 WL 9414292, at *2 (S.D. Tex. May 10, 2018) (citing 8 U.S.C. § 1231(a)(1)(C)). "Zadvydas's burden-shifting analysis is not necessary in a case where a detainee acts to thwart his removal by refusing to cooperate."  Anadji v. Keisler, Civil No. B-07-184, 2008 WL 11388565, at *6 (S.D. Tex. June 26, 2008), report and recommendation adopted, 2008 WL 11388548 (S.D. Tex. July 15, 2008).

Petitioner's detention does not violate due process under Zadvydas because the record establishes that Petitioner's detention is authorized under § 1231 (a)(1)(C).  In the current case,

---

[23]Respondents' Response, Docket Entry No. 19, p. 1.

[24]Response in Opposition to Respondent's Statement and Motion for Summary Judgment, Docket Entry No. 15.

Petitioner has refused to participate in an interview for Review of Custody twice, has declined to provide a third country of removal to ICE ERO, has failed to provide evidence of compliance with the previous removal order, has refused to sign the I-229, has refused to make a timely, good faith application for travel documents necessary to depart the United States, and has stated that she would not complete an application for travel documents.[25] Although Petitioner argues that she is willing to cooperate with Respondents, she submits no supporting documentation or evidence of her efforts to cooperate.[26]

Moreover, although Petitioner alleges she was detained without being notified of the reasons for revocation in violation of 8 C.F.R. § 241.4(I)(1), "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (emphasis in original).

Petitioner's Motion to Expedite Ruling (Docket Entry No. 17) is **GRANTED**. For the reasons explained above, The Federal Respondents' Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this the 6th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[25]Sworn Declaration, Exhibit 1 to Respondents' Response, Docket Entry No. 19-1, p. 6 ¶¶ 29–30, 32.

[26]Petitioner's Reply, Docket Entry No. 20, p. 3